# EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: March 9, 2015 4:48 PM<br>FILING ID: 13FF1E9350644<br>CASE NUMBER: 2015CV30267 |
| MICHAEL AUSTIN and ANDY GOMEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BADGER DAYLIGHTING CORP,<br><br>Defendant. | ▲ COURT USE ONLY ▲<br><br>Case Number: |
| Attorneys for Plaintiffs:<br><br>Joseph C. Cohen, #17759<br>Joseph C. Cohen, P.C.<br>1901 W. Littleton Blvd. Suite 219<br>Littleton, Colorado 80120<br>Telephone: (303) 794-2114<br>Facsimile: (303) 795-3546<br>Email: jcc@jccpc.com<br><br>Keith A. Shandalow, #37834<br>Law Offices of Keith A. Shandalow, P.C.<br>1221 Pearl Street<br>Boulder, CO 80302<br>Telephone: (303) 443-0168<br>Facsimile: (303) 443-0168<br>Email: keith@shandalow.com | Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs Michael Austin and Andy Gomez (collectively referred to as "Plaintiffs"), by and through their attorneys, Joseph C. Cohen and Keith A. Shandalow, for their Complaint against Badger Daylighting Corp ("Defendant" or "Badger"), allege as follows:

### PARTIES

1. Plaintiff Michael Austin is an individual who resides in Austin, Colorado.

2. Plaintiff Andy Gomez is an individual who resides in Parachute, Colorado.

1

3.  Defendant Badger Daylighting Corp is a corporation organized under the laws of the State of Nevada, whose principal pace of business is in Pittsboro, Indiana.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Defendant in this matter pursuant to C.R.S. § 13-1-124 (1)(a) and (b) because Defendant conducted business in this State and committed torts in this State. This Court has subject matter jurisdiction because the amount in controversy meets this Court's jurisdictional minimum.

5.  Venue in this Court is proper pursuant to C.R.C.P. 98 (c)(1) because Defendant is a non-resident corporation and Plaintiffs are permitted to choose the county in which to bring suit against non-resident defendants.

## GENERAL ALLEGATIONS

6.  The Defendant provides non-destructive excavating services for contractors and facility owners in the utility and petroleum industries.

7.  Plaintiffs are former employees of Defendant who were employed by Defendant prior to and on March 8, 2013.

8.  Starting on March 8, 2013, and for several days thereafter, Plaintiffs were exposed to unidentified toxic substances leaking from a Williams Midstream pipeline site near Parachute Creek in Parachute, Colorado.

9.  Colorado state officials soon thereafter found that samples taken from monitoring wells near the pipeline leak showed benzene levels of 5800 to 18000 parts per billion, far above the state health standard of 5 parts per billion.

10.  On or about March 18, 2013, multiple media outlets reported that Badger employees at the Williams Midstream pipeline site may have been exposed to benzene.

11.  Upon being informed of their possible exposure to benzene, the Plaintiffs asked their supervisors for permission to be checked out by the company's workers compensation doctors, but this request was denied.

12.  During the first week of April 2013, Plaintiffs and some of their co-workers filed complaints with the Occupational Safety and Health Administration ("OSHA") concerning safety and health hazards they faced as employees of Defendant and the release of toxic substances at the Williams Midstream pipeline site.

13.  Several days later, just prior to the OSHA investigators arrival at Badger's Rifle, Colorado office, Cody Jeter (Jeter"), regional manager for Badger's Rifle, Colorado office, called a safety meeting. At that meeting, Jeter told Badger's employees, including but not limited to the Plaintiffs, that no one should talk to the OSHA investigators because they were not

Badger's friends and talking to the OSHA investigators will cause trouble for Badger. Nonetheless, Plaintiffs participated in the subsequent OSHA investigation.

14. On or about April 9, 2013, the Plaintiffs and another employee went to a hospital in Rifle, Colorado and asked to be tested for exposure to toxic substances.

15. After the Plaintiffs reported their exposure to the toxic chemicals released at the Williams Midstream pipeline site, requested medical attention, and filed complaints with OSHA, Defendant began a campaign of retaliation against each of the Plaintiffs.

16. Defendant retaliated against the Plaintiffs, and each of them, over the next several months by reducing the hours offered to them, by writing them up for alleged infractions for which other employees were not written up, by issuing verbal and written warnings for such things as not shaving, or for asking for a gas monitor, by refusing to provide necessary protective gear and by ignoring requests to fix company trucks and equipment.

17. On or about May 13, 2013, each of the Plaintiffs filed a complaint under the employee protection provisions of section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), alleging retaliation for reporting their exposure to toxic chemicals such as benzene and for participating in the OSHA investigation. They subsequently supplemented these complaints after experiencing further acts of retaliation and after they were discharged from employment.

18. With respect to Plaintiff Austin, Defendant drastically reduced his work hours starting in mid-April 2013, reprimanded him for requesting safety gear, and placed obstacles in the way of him working for a Badger franchisee in Durango, Colorado, while denying his requests for work out of the Rifle, Colorado, Badger office, among other retaliatory actions.

19. With respect to Plaintiff Gomez, Defendant drastically reduced the work hours offered to Plaintiff Gomez, refused his request for raingear, and reprimanded him for not shaving, ostensibly for safety reasons that were actually pretextual, as is evidenced by the fact that Defendant did not impose such a requirement on other, similarly-situated employees, among other retaliatory actions.

20. On September 9, 2013, Defendant terminated Plaintiff Gomez's employment.

21. On or about October 18, 2013, after many weeks of not being provided work opportunities by Defendant, Plaintiff Austin wrote to Defendant's supervisors Aaron Bruck and Cody Jeter that he considered himself terminated by Defendant.

**FIRST CLAIM FOR RELIEF**
**(Wrongful Constructive Discharge in Violation of Public Policy**
**Plaintiff Austin)**

22. Plaintiffs incorporate the foregoing and following paragraphs as though fully set forth herein.

3

23.     During the course of Plaintiff Austin's employment with Defendant, Plaintiff Austin filed a complaint with OSHA regarding the unsafe work conditions he faced while working for Defendant, including his exposure to benzene beginning on or about March 8, 2013; he sought medical attention for his exposure; and he participated in the OSHA investigation into the exposure and work conditions he experienced.

24.     Defendant knew or should have known that Plaintiff Austin had a right to file complaints with OSHA, to seek medical attention because of his exposure to toxic chemicals, and to participate in the OSHA investigation.

25.     Defendant retaliated against Plaintiff Austin for his participation in the protected activities described above by drastically reducing his work hours starting in mid-April 2013, reprimanding him for requesting safety gear, placing obstacles in the way of him working for a Badger franchisee in Durango, Colorado, while denying his requests for work out of the Rifle, Colorado, Badger office, and by constructively discharging him in October 2013.

26.     It is a fundamental public policy of the State of Colorado and the United States to encourage employees to report occupational health and safety issues to the appropriate state and federal government agencies and to safeguard such "whistleblowing" employees from their employer's retaliatory actions.  OSHA protects a person who has (1) filed any complaint under the Act, (2) instituted or caused to be instituted any proceeding under or related to the Act, (3) testified or is about to testify in proceedings under the Act, or (4) exercised any right afforded by the Act on behalf of himself or others. 29 U.S.C. § 660(c)(1).

27.     As a direct and proximate result of Defendant's wrongful constructive discharge of Plaintiff Austin's employment, Plaintiff Austin has incurred, and will incur, general and special damages, including but not limited to back pay, front pay, loss of benefits, emotional pain and suffering, and other general and special damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Wrongful Discharge in Violation of Public Policy
Plaintiff Gomez)

28.     Plaintiffs incorporate the foregoing and following paragraphs as though fully set forth herein.

29.     During the course of Plaintiff Gomez's employment with Defendant, Plaintiff Gomez filed a complaint with OSHA regarding the unsafe work conditions he faced while working for Defendant, including his exposure to benzene beginning on or about March 8, 2013; he sought medical attention for his exposure; and he participated in the OSHA investigation into the exposure and work conditions he experienced.

30.     Defendant knew or should have known that Plaintiff Gomez had a right to file complaints with OSHA, to seek medical attention because of his exposure to toxic chemicals, and to participate in the OSHA investigation.

31.     Defendant retaliated against Plaintiff Gomez because he engaged in these protected activities by drastically reducing the work hours offered to Plaintiff Gomez, refusing his request for raingear, discriminatorily reprimanding him for not shaving, and by terminating his employment in September 2013.

32.     It is a fundamental public policy of the State of Colorado and the United States to encourage employees to report occupational health and safety issues to the appropriate state and federal government agencies and to safeguard such "whistleblowing" employees from their employer's retaliatory actions. OSHA protects a person who has (1) filed any complaint under the Act, (2) instituted or caused to be instituted any proceeding under or related to the Act, (3) testified or is about to testify in proceedings under the Act, or (4) exercised any right afforded by the Act on behalf of himself or others. 29 U.S.C. § 660(c)(1).

33.     As a direct and proximate result of Defendant's wrongful discharge of his employment, Plaintiff Gomez has incurred, and will incur, general and special damages, including but not limited to back pay, front pay, loss of benefits, emotional pain and suffering, and other general and special damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, and each of them, respectfully request that this Court enter judgment in each of their favor to award them damages sufficient to compensate them for their general and special damages as set forth above and to be proven at trial. The Plaintiffs, and each of them, further request that the Court award them their pre- and post-judgment interest, costs, including expert witness fees, statutory attorneys' fees, if any, and such other legal and equitable relief as is deemed just and proper under the circumstances of this case.

## JURY DEMAND

The Plaintiffs, and each of them, hereby demand a trial to a jury on all triable issues.

Duly signed original on file with
JOSEPH C. COHEN, P.C.

s/Joseph C. Cohen
Joseph C. Cohen, #17759
Joseph C. Cohen, P.C.
1901 W. Littleton Blvd. Suite 219
Littleton, Colorado 80120
Telephone: (303) 794-2114
Facsimile: (303) 795-3546
Email: jcc@jccpc.com

s/Keith A. Shandalow
Keith A. Shandalow, #37834

5

                Law Offices of Keith A. Shandalow, P.C.
                1221 Pearl Street
                Boulder, CO 80302
                Telephone:  (303) 443-0168
                Facsimile:  (303) 443-0168
                Email: keith@shandalow.com

                Attorneys for Plaintiffs

<u>Plaintiff Michael Austin's address</u>:
8507 Shea Rd.
Austin, CO 81410

<u>Plaintiff Andy Gomez's address</u>:
80 Juniper Lane
Parachute, CO 81635