IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01005-MEH

MICHAEL AUSTIN,
ANDY GOMEZ, and
GEORGE LAHR,

      Plaintiffs,

v.

BADGER DAYLIGHTING CORP.,

      Defendant.

---

**ORDER GRANTING MOTION TO STAY**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Stipulation to Stay Proceedings Until Defendant's Motion to Dismiss is Resolved [filed July 25, 2015; docket #23]. The Court notes it could simply reject the improperly filed stipulation pursuant to D.C. Colo. LCivR. 6.1, but will construe the stipulation as a motion and **grant** the request.

**I.    Background**

Plaintiffs filed two actions in Boulder County District Court and that court joined them. *See* dockets ## 3, 4. Defendant removed the case to this Court (docket #1) and filed a motion to dismiss (docket #13), but Plaintiffs' filing of an amended complaint (docket #15) rendered that motion moot (docket #18).

On July 9, 2015, Defendant filed the currently pending Motion to Dismiss (docket #22) pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is not fully briefed. Thereafter, the parties filed the present "stipulation to stay" on July 25, 2015, which has been construed as a motion. Docket

#23.

## II.   Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A stay of all discovery is generally disfavored in this district.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party."  *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case.  The parties have jointly moved for a stay to avoid any unnecessary burdens and/or costs of discovery.  While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of

delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss may resolve this matter in its entirety and the parties have jointly moved for a stay, the Court finds good cause exists to impose a temporary stay until the this Court rules on the Motion to Dismiss.

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court **grants** the [Motion] to Stay Proceedings Until Defendant's Motion to Dismiss is Resolved [filed July 25, 2015; docket #23]. This matter is hereby **stayed** pending further order of the Court.

In light of this Order, the Court also **vacates** the Scheduling Conference currently set for July 30, 2015, at 9:30 a.m.  Furthermore, the parties shall file a status report with the Court within *five business days* of a ruling on Defendants' pending Motion to Dismiss.

Dated at Denver, Colorado, this 28th day of July, 2015.

3

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge