**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01005-MEH

MICHAEL AUSTIN,
ANDY GOMEZ, and
GEORGE LAHR,

    Plaintiffs,

v.

BADGER DAYLIGHTING CORP.,
A Nevada corporation in good standing,

    Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

---

Plaintiffs, Michael Austin, Andy Gomez, and George Lahr (collectively "Plaintiffs"), through undersigned counsel, hereby submit their opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. Plaintiffs have alleged sufficient facts in their Amended Complaint to state plausible claims for relief for Wrongful Termination and Constructive Discharge in Violation of Public Policy under 18 U.S.C. § 1001. Plaintiffs' Amended Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a).

**BACKGROUND**

Plaintiffs, who are former employees of Defendant, filed two separate complaints in Boulder County District Court. Plaintiffs Gomez and Lahr brought their original complaints seeking damages for wrongful discharge in violation of public policy. Plaintiff Austin seeks

damages for constructive discharge in violation of public policy.  Pursuant to a stipulated motion, Plaintiffs' complaints were combined into one single action in the state case prior to removal to this Court.  Upon removal, Defendant filed its motion requesting dismissal of Plaintiffs' complaints (Dkt No. 13).  On June 19, 2015, Plaintiffs timely amended their complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) and filed their Opposition to Defendant's Motion to Dismiss (Dkt Nos. 15 & 16), rendering Defendant's motion to dismiss moot.

In their Amended Complaint, Plaintiffs allege wrongful termination and constructive discharge claims against Defendant, in violation of public policy.  Defendant expressly and indirectly directed Plaintiffs to conceal and withhold material facts from the Occupational Safety and Health Administration ("OSHA"), in violation of the public policy delineated in 18 U.S.C. § 1001, which prohibits parties from concealing information from or making false statements to a federal agency, imposes criminal liability on persons who do so, and provides no civil remedies.  Defendant retaliated against and ultimately terminated and/or constructively discharged Plaintiffs as a result of their refusal to comply with Defendant's illegal directive.

Defendant has moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant argues that "OSHA's anti-retaliation provision, 29 U.S.C. § 660(c), provides a statutory remedy for the acts alleged by Plaintiffs (Dkt. No. 22 at p. 2).  In support of Defendant's argument, Defendant cites to a string of Colorado case law holding that a separate public policy wrongful discharge claim is not available where the statute at issue provides a wrongful discharge remedy.  *See* Dkt. No. 22 at pp. 4-6.  Defendant's argument, however, mischaracterizes the allegations contained in Plaintiffs' Amended Complaint, in which Plaintiffs' claims for violation of public policy are established by 18 U.S.C.

§ 1001. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is not supported in fact or by law and cannot stand.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW OF EXTRINSIC DOCUMENTS

In its motion, Defendant refers to and attaches OHSA retaliation complaint documents submitted on behalf of Plaintiffs. Dkt. No. 22 at p. 3. The sufficiency of a complaint generally rests on its content alone. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (*citing Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010)). However, under limited circumstances, a court may consider documents attached to a Rule 12(b)(6) motion without converting the motion to a motion for summary judgment. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing cases). These limited circumstances include: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice. *Id.* Certain matters of public record may also be taken into account. *See Walker v. Laningham*, 148 P.3d 391, 397-98 (Colo. App. 2006) (*citing Northgate Motors, Inc. v. Gen. Motors Corp.,* 111 F.Supp.2d 1071, 1077 (E.D.Wis.2000) (holding that administrative agency files and decisions are properly the subject of judicial notice and may be considered without converting a Fed. R. Civ. P. 12(b)(6) motion into one for summary judgment); *see also Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003) (district court may take judicial notice of public records and consider them on a motion to dismiss); *Thomas v. Westchester County Health Care Corp.,* 232 F.Supp.2d 273, 275 (S.D.N.Y.2002) (district court may take judicial notice of records and reports of administrative bodies without converting motion to dismiss into one for summary judgment).

Plaintiffs do not dispute the authenticity of the documents nor do Plaintiffs dispute that the documents were referred to in Plaintiffs' Amended Complaint. However, Plaintiffs dispute that these documents are central to Plaintiffs' Amended Complaint, which seeks relief under 18 U.S.C. § 1001. Conversion is not warranted on Defendant's motion as the documents are public records, of which this Court may take judicial notice. Should the Court opt to convert the motion to one for summary judgment, Plaintiff respectfully requests an opportunity to satisfy the evidentiary requirements of Fed. R. Civ. P. 56, as mandated by Rule 12(b).

## II.    STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6)

Absent a determination that Defendant's motion is converted to one for summary judgment, Plaintiffs' response to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint shall be made pursuant to Rule 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Rule 12(b)(6) standard does not require that a plaintiff establish a *prima facie* case in a complaint. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556); *Dias v. City and County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009). According to *Twombly,* a court must: i) identify "the allegations in the complaint that are not entitled to the assumption of truth, that is, those

4

allegation which are legal conclusions, bare assertion, or merely conclusory. *Id.* at 679-80; and, ii) consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). A complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679.

As the Tenth Circuit has recognized, granting a "motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias,* 567 F.3d at 1178 (*citing Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)).

### III. PLAINTIFFS' CLAIMS SUFFICIENTLY STATE PLAUSIBLE CLAIMS FOR RELIEF UNDER 18 U.S.C. § 1001.

Plaintiffs, in their Amended Complaint, allege (1) Wrongful Termination in Violation of Public Policy and (2) Constructive Discharge in Violation of Public Policy. The public policy underlying both of Plaintiffs' claims is established by 18 U.S.C. § 1001.

#### a. Colorado law recognizes Plaintiffs' public policy claims.

Defendant contends that Plaintiffs' claims should be dismissed because "Section 660(c) of the OSHA statutes provides a clear remedy" for Plaintiffs claims and because Plaintiffs have "availed themselves" of such a remedy and protection under the Act, they cannot now assert a common law public policy claim. *See* Dkt. No. 22 at pp. 5-7. Defendant's contention is based on its erroneous assumption that Plaintiffs "had a statutory remedy available" to them merely because portions of Plaintiffs' alleged facts involve "filing complaints with OSHA." *Id.* Defendant primarily relies on the holdings in *Miles v. Martin Marietta Corp.*, 861 F. Supp. 73

(D. Colo. 1994) and *Stout v. Gyrodata*, No. 13-1393 560 Fed. App'x 765, 2014 U.S. App. LEXIS 5617 (10th Cir. March 27, 2014) (unpublished).

Defendant's argument misconstrues the allegations forming the basis of Plaintiffs' Amended Complaint and ignores case law that establishes the legal standard of public policy exceptions in Colorado. Plaintiffs' public policy claim is predicated on their wrongful discharge for their refusal to comply with Defendant's illegal directive. Amended Complaint ¶ 1.

Colorado law recognizes a cause of action under the public policy exception to at-will employment. *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 111 (Colo. 1992); *Kearl v. Portage Envtl. Inc.*, 205 P.3d 496, 498-99 (Colo. App. 2008). Colorado courts have determined that the discharge of an employee for refusing to perform acts violative of 18 U.S.C. § 1001 will support a claim for wrongful discharge under the public policy exception. *Id.*

Here, as in *Lorenz*, Plaintiffs have predicated their wrongful discharge claim on their refusal to perform an illegal act directed by their superior, which would have violated 18 U.S.C. § 1001. Defendant's reliance on *Miles v. Martin Marietta Corp.* and *Gyrodata* is misplaced. Both these cases address only the situation where the plaintiff's public policy wrongful discharge claim relates to alleged retaliation for filing an OSHA complaint. *See Martin Marietta Corp.*, 861 F. Supp. at 74; *Gyrodata*, No. 13-1393 560 Fed. App'x at 766. Neither of the cases address where, as here, a plaintiff alleges violation of 18 U.S.C. § 1001.

The mere fact that Plaintiff's Amended Complaint alludes to their complaints filed with OSHA and states Plaintiffs availed themselves of the remedy under OSHA does not convert Plaintiffs' well-pled public policy claims under 18 U.S.C. § 1001 into one based on retaliation for filing such a complaint with OSHA. Nor does their having sought a remedy through OSHA prevent Plaintiffs from asserting public policy claims recognized under Colorado law. *Lorenz*,

823 P.2d 100, 111 (Colo. 1992) (18 U.S.C. § 1001 "favors truthfulness and accuracy in government reports and is sufficiently specific to support a claim for wrongful discharge as a result of an employee's refusal to engage in conduct violative of that statutory proscription"). Defendant's motion is devoid of any authority to the contrary.

> b. **Plaintiffs' claims under 18 U.S.C . § 1001 are adequately pled and may not be dismissed.**

The factual allegations in Plaintiffs' Amended Complaint, viewed in the light most favorable to Plaintiffs, meets or exceeds the standards governing the form of a complaint contemplated by Fed. R. Civ. P. 8(a). The allegations plausibly establish Plaintiffs' entitlement to relief. Plaintiffs' Amended Complaint alleges they were wrongfully discharged for their refusal to misrepresent and/or conceal pertinent material information from a federal agency, OSHA, and its investigators, which violated the provisions of 18 U.S.C. § 1001.

The statutory language of 18 U.S.C. § 1001, which applies to statements, representations, or documents pertaining to an activity within the jurisdiction of a federal agency, provides in pertinent parts:

> (a)   . . . [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - -
>
>> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title or imprisoned not more than 5 years . . . .

18 U.S.C. § 1001(a); *see also United States v. Kingston*, 971 F.2d 481, 486 (10th Cir. 1992).

Pursuant to *Lorenz*, and in a plaintiff's claim for wrongful discharge based upon an employee's refusal to perform an illegal act, a plaintiff must prove (1) the employer directed the employee to perform an illegal act as part of the employee's work-related duties or prohibited the employee form performing a public duty or exercising an important job-related right or privilege; (2) the action directed by the employer would violate a specific statute related to pubic health, safety, or welfare, or would undermine a clearly expressed policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker; (3) the employee was terminated as the result of refusing to perform the act directed by the employer; and (4) the employer was aware that the employee's refusal to perform the act was based on the employee's reasonable belief that the directed act was unlawful. *Lorenz*, 823 P.2d at 109.

Defendant does not contend that Plaintiffs' Amended Complaint lacks sufficient factual allegations to support elements of Plaintiffs' claims for wrongful termination and constructive discharge in violation of public policy under 18 U.S.C. § 1001. Defendant simply and erroneously argues that Plaintiffs are barred from asserting their public policy claims.

Plaintiffs' Amended Complaint sufficiently pleads all of the *Lorenz* elements to suggest an entitlement to relief. Plaintiffs allege facts that they "had a work-related duty to discuss and resolve unsafe actions as they observed and to comply with all of Defendant's safety rules, as well as with all applicable laws and regulations." Amended Complaint ¶¶ 24, 31 and 41. Plaintiffs' duty stems, in part, from Defendant's Health and Safety Handbook. *Id.* 32 and 42.

Plaintiffs' Amended Complaint further alleges that Plaintiffs refused the order and direction from their superior, Cody Jeter, to not cooperate with OSHA investigators and to "misrepresent and/or conceal pertinent material information" to the investigators "related to safety concerns, especially at the Williams Midstream pipeline site." *Id.* at ¶¶ 21-24. The

8

allegations in Plaintiffs' Amended Complaint demonstrate that Defendant knew or should have known that Plaintiffs' refusal to hinder OSHA's investigation was evident in Plaintiffs' full and continuing participation in the OSHA investigation. Plaintiffs' had a reasonable belief that obstructing an OSHA investigation into work-site safety concerns and providing false or misleading information to OSHA investigators was unlawful, given their knowledge of Defendant's Health and Safety Handbook. *Id.* at ¶¶ 24-25, 36 and 46. Carrying out Defendant's direction would have violated the specific provisions of 18 U.S.C. § 1001 and Defendant's own Health Safety Handbook. *Id.* at 36 and 46. Defendant "drastically reduced work hours offered to Plaintiffs, unfairly reprimanded Plaintiffs for alleged infractions" and terminated and/or constructively discharged Plaintiffs as a result of their participation in the OSHA investigation in direct refusal of their superior's order. *Id.* at ¶¶ 26-29, 37 and 47. Thus, under the facts pled in the Amended Complaint, Plaintiffs have stated claims for wrongful discharge in violation of public policy upon which relief should be granted.

## CONCLUSION

Defendant, in its Motion to Dismiss, cites convenient but ultimately inapplicable law in support of its motion. Despite Defendant's argument to the contrary, a review of applicable law can only lead to the conclusion that Plaintiffs' Amended Complaint states plausible claims for Wrongful Termination and Constructive Discharge.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety.

Dated this 30th day of July 2015.

                Respectfully submitted,

                *s/Joseph C. Cohen*
                Joseph C. Cohen
                MILLS & COHEN, PLLC
                1901 W. Littleton Blvd., Suite 219
                Littleton, Colorado 80120
                Telephone: (303) 794-2114
                Facsimile: (303) 795-3546
                E-mail: jcc@jccpc.com

                *s/Keith A. Shandalow*
                Keith A. Shandalow
                LAW OFFICES OF KEITH A. SHANDALOW, P.C.
                1221 Pearl Street
                Boulder, Colorado 80302
                Telephone: (303) 443-0168
                Facsimile: (303) 443-6635
                E-mail: keith@shandalow.com

                *s/Temitayo "Tayo" O. Okunade*
                Temitayo "Tayo" O. Okunade
                OKUNADE, LLP
                10200 E. Girard Avenue, Suite C250
                Denver, Colorado  80231
                Telephone: (303) 480-7855
                Facsimile: (303) 416-8800
                E-mail: tayo@okunadellp.com

                *Attorneys for Plaintiffs – Michael Austin,*
                *Andy Gomez, George Lahr*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of July, 2015, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Timothy M. Kratz
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
E-mail: Tim.Kratz@jacksonlewis.com

*Attorneys for Defendant*
*Badger Daylighting Corp.*

                                                  *s/Temitayo "Tayo" Okunade*